UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAMS,
    Plaintiff,
vs.

339-347 EAST 12TH STREET INVESTOR,
LLC, and SALTWATERNYC LLC,
    Defendants.

**COMPLAINT**

Plaintiff, JOSHUA ADAMS, by his undersigned counsel, hereby files this Complaint and sues Defendants, 339-347 EAST 12TH STREET INVESTOR, LLC and SALTWATERNYC LLC, for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. Plaintiff, JOSHUA ADAMS, currently resides in Brooklyn, New York, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Josh was born with spina bifida and Hydrocephalus. As a result, Josh is bound to ambulate in a wheelchair. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or

limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Defendant, 339-347 EAST 12TH STREET INVESTOR, LLC, is a limited liability company and transacts business in the State of New York and within this judicial district. Defendant is the owner, of the real property, which is the subject of this action located on or about at 345 E. 12th St., New York, NY 10003 (hereinafter the "Facility").

4. Defendant, SALTWATERNYC LLC, is a limited liability company and transacts business in the State of New York and within this judicial district. Defendant is the lessee and operator of the premises known as SALTWATER COFFEE located at 345 E. 12th St., New York, NY 10003 (hereinafter the "Facility").

5. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6. In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

8. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

9. Plaintiff has attempted to access the facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that

exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

10. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

I. INACCESSIBLE ENTRANCE.  ACCESSIBLE ROUT TO ESTABLISHMENT NOT POVIDED AS REQUIRED.  ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.  EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.  REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.
   a. ADAAG 206 Accessible Routes.  ADAAG 206.1 General. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.  ADAAG 206.2 Where Required. Accessible routes shall be provided where required by

206.2. ADAAG 206.2.1 Site Arrival Points. At least one accessible route shall be provided within the sit from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. ADAAG 206.4 Entrances. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402. ADAAG 206.4.1 Public Entrances. In additional to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404. ADAAG 207 Accessible Means of Egress. ADAAG207.1 General. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 Edition and 2001 Supplement) or section 1007 of the International Building Code (2003 Edition) (incorporated by reference, "Referenced Standards" in Chapter 1). ADAAG 403 Walking Surfaces. ADAAG 403.4 Changes in Level. Changes in level shall comply with 303. ADAAG 303.4 Ramps. Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II. REQUIED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT EXTERIOS SIDE OF ENTRANCE DOOR. NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQURIED MANEUVERING CLEARANCE AT EXTERIOR SIDE OF ENTRANCE DOOR.

   a. ADAAG 404.2.4 Maneuvering Clearances. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width fo the doorway and the required latch side or hinge side clearance. ADAAG 4040.2.4.4 Floor or Ground Surface. Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

III. REQURIED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT INTERIOR SIDE OF ENTRANCE DOOR.

   a. ADAAG 404.2.4 Maneuvering Clearances. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

IV. THE FIRST OF FOUR EXTERIOR SEATING BENCHES IS NON-COMPLIANT. REQUIRED BACK SUPPORT NOT PROVIDED AT THE FIRST OF FOUR EXTERIOR SEATING BENCHES. THE FIRST OF FOUR EXTERIOR SEATING BENCHES IS NOT AFFIXED TO A WALL.

   a. ADAAG 903 Benches. ADAAG 903.1 General. Benches shall comply with 903. ADAAG 903.4 Back Support. The bench shall provide for back support and shall be affixed to a wall. Back support shall be 42 inches (1065 mm) long minimum and shall extend from a point 2 inches (51 mm) maximum above the seat surface to a point 18 inches (455 mm) minimum above the seat surface. Back support shall be 2 ½ inches (64 mm) maximum from the rear edge of the seat measures horizontally.

V. THE SECOND OF FOUR EXTERIOR SEATING BENCHES IS NON-COMPLIANT. REQURIED BACK SUPPORT NOT PROVIDED AT THE SECOND OF FOUR EXTERIOR SEATING BENCHES.  THE SECOND OF FOUR EXTERIOR SEATING BENCHES IS NOT AFFIXED TO A WALL.

   a. ADAAG 903 Benches.  ADAAG 903.1 General.  Benches shall comply with 903. ADAAG 903.4 Back Support.  The bench shall provide for back support and shall be affixed to a wall.  Back support shall be 42 inches (1065 mm) long minimum and shall extend from a point 2 inches (51 mm) maximum above the seat surface to a point 18 inches (455 mm) minimum above the seat surface.  Back support shall be 2 ½ inches (64 mm) maximum from the rear edge of the seat measures horizontally.

VI. THE THIRD OF FOUR EXTERIOR SEATING BENCHES IS NON-COMPLIANT. REQUIRED BACK SUPPORT NOT PROVIDED AT THE THIRD OF FOUR EXTERIOR SEATING BENCHES. THE THIRD OF FOUR EXTERIOR SEATING BENCHES IS NOT AFFIXED TO A WALL.

   a. ADAAG 903 Benches.  ADAAG 903.1 General.  Benches shall comply with 903. ADAAG 903.4 Back Support.  The bench shall provide for back support and shall be affixed to a wall.  Back support shall be 42 inches (1065 mm) long minimum and shall extend from a point 2 inches (51 mm) maximum above the seat surface to a point 18 inches (455 mm) minimum above the seat surface.  Back support shall be 2 ½ inches (64 mm) maximum from the rear edge of the seat measures horizontally.

VII. THE FOURTH OF FOUR EXTERIOR SEATING BENCHES IS NON-COMPLIANT. REQUIRED BACK SUPPORT NOT PROVIDED AT THE FOURTH OF FOUR EXTERIOR SEATING BENCHES.  THE FOURTH OF FOUR EXTERIOR SEATING BENCHES IS NOT AFFIXED TO A WALL.

   a. ADAAG 903 Benches.  ADAAG 903.1 General.  Benches shall comply with 903. ADAAG 903.4 Back Support.  The bench shall provide for back support and shall be affixed to a wall.  Back support shall be 42 inches (1065 mm) long minimum and shall extend from a point 2 inches (51 mm) maximum above the seat surface to a point 18 inches (455 mm) minimum above the seat surface.  Back support shall be 2 ½ inches (64 mm) maximum from the rear edge of the seat measures horizontally.

VIII. INACCESSIBLE EXTERIOR DINING TABLES.  REQUIRED MINIMUM KNEE CLEARANCE NOT PROVIDED AT EXTERIOR DINING TABLES.  A MINIMUM PERCENTAGE OF EXISTING EXTERIOR DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

   a. ADAAG 226 Dining Surfaces and Work Surfaces.  ADAAG 226.1 General. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.  ADAAG 902 Dining Surfaces and Work Surfaces.  ADAAG 902.1 General. Dining surfaces and work surfaces shall comply with 902.2 and 902.3.  ADAAG 902.2 Clear Floor and Ground Space.  A clear floor space

complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth. Where toe clearance is required at an element as part of clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width. Toe clearance shall be 30 inches (760 mm) wide minimum. ADAAG 306.3 Knee Clearance. ADAAG 306.3.3. Minimum Required Depth. Where knee clearance is required under an element as part of clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width. Knee clearance shall be 30 inches (760 mm) wide minimum.

IX. THE FIRST OF TWO INTERIOR SEATING BENCHES IS NON-COMPLIANT. REQUIRED BACK SUPPORT NOT PROVIDED AT THE FIRST OR TWO INTERIOR SEATING BENCHES. THE FIRST OF TWO INTERIOR SEATING BENCHES IS NOT AFFIXED TO A WALL.

   a. ADAAG 903 Benches. ADAAG 903.1 General. Benches shall comply with 903. ADAAG 903.4 Back Support. The bench shall provide for back support or shall be affixed to a wall. Back support shall be 42 inches (1065 mm) long minimum and shall extend from a point 2 inches (51 mm) maximum above the seat surface to a point 18 inches (455 mm) minimum above the seat surface. Back support shall be 2 ½ inches (64 mm) from the rear edge of the seat measured horizontally.

X. THE SECOND OF TWO INTERIOR SEATING BENCHES IS NON-COMPLIANT. REQURIED BACK SUPPORT NOT PROVIDED AT THE SECOND OF TWO INTERIOR SEATING BENCHES. THE SECOND OF TWO INTERIOR SEATING BENCHES IS NOT AFFIXED TO A WALL.

   a. ADAAG 903 Benches. ADAAG 903.1 General. Benches shall comply with 903. ADAAG 903.4 Back Support. The bench shall provide for back support or shall be affixed to a wall. Back support shall be 42 inches (1065 mm) long minimum and shall extend from a point 2 inches (51 mm) maximum above the seat surface to a point 18 inches (455 mm) minimum above the seat surface. Back support shall be 2 ½ inches (64 mm) from the rear edge of the seat measured horizontally.

XI. INACCESSIBLE INTERIOR DINING COUNTER. NON-COMPLIANT HEIGHT OF INTERIOR DINING COUNTER EXCEED MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT INTERIOR DINING COUNTER. PORTION OF INTERIOR DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

   a. ADAAG 226 Dining Surfaces and Work Surfaces. ADAAG 206.1 General. Where dining surfaces are provided for the consumption of food and drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902 Dining Surfaces and Work Surfaces. ADAAG 902.1 General. Dining surfaces shall comply with 902.2 and 902.3. Advisory 902.1 General. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths. ADAAG 902.2 Clear Floor or Ground Space. A clear floor space complying with 305 positioned for a forward approach shall

be provided.  Knee and toe clearance complying with 305 shall be provided. ADAAG 902.3 Height.  The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. ADAAG 302.2 Toe Clearance.  ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of clear floor space, the toe clearance shall extend 17 inches (430 mm) maximum above the finish floor or ground. ADAAG 306.2.5. Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3. Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.  Knee clearance shall be 30 inches (760 mm) wide minimum.

XII. INACCESSIBLE INTERIOR SERVICE COUNTER.  NON-COMPLIANT HEIGHT OF INTERIOR SERVICE COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

   a. ADAAG 227 Sales and Service.  ADAAG 227.1 General.  Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.  ADAAG 904.4 Sales and Service Counters.  Sales counters and service counters shall comply with 904.4.1 or 904.4.2.  The accessible portion of the counter top shall extend the same depth as the sales or service counter top.  ADAAG 904.4.1 Parallel Approach.  A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided.  A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

13. The above listing is not to be considered all-inclusive of the barriers, which exist at the Facility. Plaintiff requires an inspection of the facility, in order to determine all of the ADA violations.

14. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

16. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

17. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ *Maria-Costanza Barducci*
Maria-Costanza Barducci, Esq. (5070487)
   *Attorney for Plaintiff*
BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, New York 10011
(212) 433-2554
MC@BarducciLaw.com