UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAMS,

              Plaintiff,

-against-

339-347 EAST 12TH STREET INVESTOR, LLC,
and SALTWATERNYC LLC,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/25/2021__

21 Civ. 6441 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff Joshua Adams brings this action for injunctive relief against Defendants 339-347 East 12th Street Investor, LLC, and SALTWATERNYC, LLC, for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et. seq.* Compl., ECF No. 1. On October 20, 2021, Plaintiff requested a certificate of default stating that it had served Defendants "by personally serving Nancy Dougherty in the office of the Secretary of State on August 11, 2021," and that "Defendant[s'] time to answer or otherwise respond to the complaint expired on September 1, 2021." ECF No. 16. On October 20, 2021, the Clerk of Court issued a certificate of default. ECF No. 18. However, on October 21, 2021, counsel for Defendant 339-347 East 12th Street Investor, LLC, filed a notice of appearance. ECF No. 21.

      It is "well established that default judgments are disfavored," and that there is a strong preference for resolving disputes on the merits. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). In deciding whether a default judgment should be issued, courts consider whether the default was willful, whether the plaintiffs would be prejudiced by the denial of the motion for default judgment, and whether the allegedly defaulting parties may have any meritorious defenses to the plaintiffs' claims. *See id.* at 170–71. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

      In light of the above standard, the parties shall confer about whether they intend to file a joint stipulation vacating the Certificate of Default and any other outstanding issues thus far. By **November 8, 2021**, the parties shall file such proposed joint stipulation or a joint letter indicating each party's position.

      SO ORDERED.

Dated: October 25, 2021
       New York, New York

                                                  ANALISA TORRES
                                              United States District Judge